# Emmalee W. Replogle

**From:** John Frey
**Sent:** Wednesday, April 26, 2017 10:02 AM
**To:** Emmalee W. Replogle
**Subject:** FW: U.S. Bankruptcy Court, Middle District of Pennsylvania - Undeliverable Notice, In re: Marlin J. Fleming, Jr., Case Number: 12-03528, RNO, Ref: [p-107066872]
**Attachments:** B_P112035283180W0246.PDF

**From:** USBankruptcyCourts@noticingcenter.com [mailto:USBankruptcyCourts@noticingcenter.com]
**Sent:** Tuesday, April 25, 2017 12:41 PM
**To:** John Frey
**Subject:** U.S. Bankruptcy Court, Middle District of Pennsylvania - Undeliverable Notice, In re: Marlin J. Fleming, Jr., Case Number: 12-03528, RNO, Ref: [p-107066872]

Notice of Undeliverable Mail to Debtor/Debtor's Attorney

April 26, 2017

From: United States Bankruptcy Court, Middle District of Pennsylvania

Re: U.S. Courts, Bankruptcy Noticing Center - Undeliverable Notice
    In re: Marlin J. Fleming, Jr., Case Number 12-03528, RNO

TO THE DEBTOR/DEBTOR'S ATTORNEY:

The attachment could not be mailed to the notice recipient(s) listed below because the United States Postal Service (USPS) has determined that those addresses in the case mailing list are undeliverable.

Please be advised that dischargeability of a debt may be affected if a creditor fails to receive certain notices. You should determine whether an address should be updated.

NOTE: **No further notices will be mailed to the notice recipient(s) listed below, if the USPS continues to designate the address as undeliverable, until the address is updated in accordance with local court policy, which may allow for use of this form, a separate notice of change of address, and/or an amended schedule.** THIS FORM CANNOT BE USED TO ADD A NEW CREDITOR NOT PREVIOUSLY LISTED ON YOUR SCHEDULES.

If this form is used by your court in place of filing a separate notice of change of address and/or an amended schedule: 1) determine the updated address and send the attachment to each recipient below; 2) type or print legibly each updated address below; 3) sign and date the form; and 4) file this form electronically via CM/ECF (for all registered users) or mail the form to:

**U.S. Bankruptcy Court**
**Ronald Reagan Federal Building**
**PO Box 908**
**Harrisburg, PA 17108**

Undeliverable Address:
ICON EQUITIES, LLC

1

7700 IRVIN CENTER DR STE 800
IRVINE, CA 92618

Reason Undeliverable: FORWARDING ORDER HAS EXPIRED

THE UPDATED ADDRESS IS:

9891 Irvine Center Drive, Suite 180
Irvine, CA 92618


Undeliverable Address:
MICHAEL T RATCHFORD ESQ
ABRAHAMSEN & ASSOCIATES
120 N KEYSER
SCRANTON, PA 17504

Reason Undeliverable: FORWARDING ORDER HAS EXPIRED

THE UPDATED ADDRESS IS:

409 Lackawanna Avenue, Suite 320
Scranton, PA 18503

_____    4/26/17
Signature of Debtor or Debtor's Attorney    Date

The Bankruptcy Noticing Center does not respond to messages regarding bypass notification. Please contact the U.S. Bankruptcy Court where the case is pending with questions or comments.

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | Marlin J. Fleming Jr. <br> First Name   Middle Name   Last Name | Social Security number or ITIN  xxx-xx-5708 <br> EIN __-_____ |
| Debtor 2 <br> (Spouse, if filing) | Sara J. Fleming <br> First Name   Middle Name   Last Name | Social Security number or ITIN  xxx-xx-7900 <br> EIN __-_____ |
| United States Bankruptcy Court  Middle District of Pennsylvania | | |
| Case number:  1:12-bk-03528-RNO | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Marlin J. Fleming Jr.
aka Joe Fleming, aka Marlin Joe Fleming Jr.

Sara J. Fleming
aka Sara Jane Fleming, aka Sara J. Klobetanz, aka Sara J. Keefer

By the court:

April 24, 2017

Honorable Robert N. Opel
United States Bankruptcy Judge

By: LyndseyPrice, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

For more information, see page 2

Form 3180W                    Chapter 13 Discharge                    page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**